UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 3:23CR138 (MPS) |
| | : | |
| v. | : | |
| | : | |
| JAKE SCOTT FLEWELLYN | : | July 31, 2023 |
| | : | |

---------------------------------------------------------x

## FINDINGS AND RECOMMENDATION ON A PLEA OF GUILTY

The captioned matter was referred to the undersigned and a hearing pursuant to Fed. R. Crim. P. 11 was conducted on July 31, 2023, in person and on the record, with the written consent of the defendant, counsel for the defendant and counsel for the United States, regarding the defendant's request to waive indictment and to enter a plea of "Guilty" to Count One of an Information charging him with Possessing and Accessing with Intent to View Child Pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). Based upon the answers given by the defendant under oath and in the presence of counsel; the remarks of defense counsel and counsel for the government; and the written representations in the plea agreement, including the stipulation of offense and relevant conduct contained therein, I find the following:

- That the defendant understands he was under oath and that to the extent he provides any false statements, he understands he may be prosecuted by the government for perjury or making a false statement and that the government may use the substance of those statements in any such prosecution;

- that the defendant is competent to plead and understands his right to plead not guilty, and having already so pleaded, his right to persist in that plea;

1

- that he understands the nature of the charge against him in Count One of the Information to which he pleaded guilty;

- that the defendant understands his right to indictment by Grand Jury and that he knowingly and voluntarily waived that right and consented to proceeding by Information.

- that he knows he has the right to be represented by counsel at trial and at every other stage of the proceeding, and, if necessary, have the court appoint counsel at no cost to him, and is satisfied with his current counsel;

- that he understands his right to trial by jury, including the right to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses, and that he understands he would be giving up these rights if he pleaded guilty and the Court accepts that plea;

- that he knows the maximum possible sentence that could be imposed, including the maximum possible terms of imprisonment and supervised release, the mandatory minimum period of supervised release, the consequence of a violation of supervised release, the maximum potential fine that could be imposed, the mandatory special assessment of $100.00, that a mandatory additional special assessment of $5000 must be imposed under 18 U.S.C. § 3014 unless the Court finds that he is indigent, that there may be additional assessments of up to $22,000 that could be imposed under 18 U.S.C. § 2259A(a)(1) after the Court considers factors set forth in 18 U.S.C. §§ 3553(a) and 3572, and that the Court could order restitution, to which he has agreed in the plea agreement in an amount of $3500 each to three victims of the offense identified in the plea agreement.  The defendant also knows that the Court has the authority to order forfeiture of the Apple I-phone identified in the forfeiture provision of the plea agreement as part of the sentence to be imposed in this case.

- that he knows that the Court is obligated to consider the advisory sentencing guidelines

range, possible departures under the sentencing guidelines, and other sentencing factors under applicable sentencing law, and that any factual disputes at sentencing will be resolved by the Court by a preponderance of the evidence;

- that he understands the potential immigration consequences of a felony conviction if he were not a United States citizen, and that he understands the other collateral consequences of a felony conviction;

- that he knows he will not be permitted to withdraw his plea of guilty if the calculation of the sentencing guidelines or the sentence ultimately imposed is other than he anticipates;

- that he understands his right to appeal, including limitations placed on that right by the terms of a waiver in his plea agreement, and that such waiver was knowingly and voluntary;

- that he understands the terms of the plea agreement, including provisions related to sex offender registration, and riders concerning additional conditions of supervised release and restitution;

- that the defendant understands the elements of the offense to which he pleaded guilty, which the government is required to prove beyond a reasonable doubt at a trial, and that there is a factual basis for the defendant's plea; and

- that the defendant's waiver of rights and plea of guilty have been knowingly and voluntarily made, are of his own free will, were not coerced and were not the product of any other promises other than those contained in the plea agreement.

The Court also finds that, based on the representations of government counsel, there are parties who had rights in regard to this proceeding under 18 U.S.C. § 3771 and that the government gave notice to those parties of this proceeding and the proposed resolution.

Accordingly, I hereby RECOMMEND that the defendant's plea of guilty to Count One of the Information, that is, a violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2).

Dated this 31st day of July, 2023, at Bridgeport, Connecticut.

/s/ S. Dave Vatti

S. Dave Vatti,
United States Magistrate Judge